FILED
SUPERIOR COURT
OF GUAM

2026 MAY 22 PM 12:02

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

FRANCIS SHANE NAVARRO,

Plaintiff,

vs.

HYUN JOO NAVARRO,

Defendant.

**DOMESTIC CASE NO. DM0230-25**

**DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND INTERLOCUTORY DECREE OF DIVORCE**

Plaintiff Francis Shane Navarro moves for partial summary judgment, seeking dissolution of his marriage with Hyun Joo Navarro. The Motion asks the Court to apply Guam's divisible divorce doctrine and sever the marital relationship now, while reserving all remaining issues for later proceedings. After review of the filings, the Court GRANTS partial summary judgment and issues an interlocutory decree of divorce.

## I. FACTUAL AND PROCEDURAL HISTORY

Francis and Hyun married on June 25, 2009, in Las Vegas, Nevada. V. Compl. Divorce (June 25, 2025); Aff. Hyan [sic] Joo Navarro (July 23, 2025). Francis filed his Complaint for Divorce in the Superior Court of Guam on June 25, 2025. He alleged that the parties separated in Hawaii on August 31, 2018, and that the marital estate consists of a house in Alaska and a Thrift Savings Plan ("TSP"). V. Compl. Divorce.

Hyun filed her Answer and counterclaims on October 17, 2025. Answer (Oct. 17, 2025). She admitted irreconcilable differences, no possibility of reconciliation, and no minor children of the marriage, and she requested restoration of her maiden name. *Id.* She denied, however, that

ORIGINAL

the marital estate is limited to the Alaska property and Francis's TSP. *Id.* Instead, she alleged an interest in Francis's military retirement benefits and other assets acquired during the marriage. *Id.* She also denied the alleged date of separation and asserted willful desertion. *Id.*

Francis now moves for partial summary judgment, seeking dissolution of the parties' marriage under the doctrine of divisible divorce while leaving property issues for later adjudication. Pl.'s Mot. & Mem. Partial Summ. J. (Oct. 14, 2025). Hyun initially objected, arguing that a decree dissolving the marriage could affect her ability to later pursue military retirement benefits. Def.'s Obj. Mot. Partial Summ. J. (Nov. 21, 2025). In reply, Francis argued that Guam law permits dissolution of the marriage apart from property division and that doing so does not, in itself, adjudicate rights under federal military-retirement law. Pl.'s Reply Mem. in Supp. Mot. Partial Summ. J. (Dec. 1, 2025).

Both parties submitted proposed orders granting partial summary judgment. The only difference between them is the label and legal effect of the decree each party requests. Francis's proposed order seeks a final decree of divorce, while Hyun's proposed order seeks an interlocutory decree of divorce. Pl.'s Proposed Order Granting Pl.'s Mot. Partial Summ. J. & Final Decree of Divorce (Feb. 13, 2026); Def.'s Proposed Order Granting Pl.'s Mot. Partial Summ. J. & Issuing Interlocutory Decree Divorce (Feb. 12, 2026).

## II.     **LAW AND DISCUSSION**

### A.  **Legal Standard and Jurisdiction**

Under Guam Rule of Civil Procedure 56, the Court may grant partial summary judgment where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *M. Elec. Corp. v. Phil-Gets (Guam) Int'l Trading Corp.*, 2012 Guam 23 ¶ 11;

ORIGINAL

*Bank of Guam v. Flores*, 2004 Guam 25 ¶ 8. A genuine issue exists only when the record contains sufficient evidence requiring resolution by a factfinder, and the Court must view the evidence in the light most favorable to the nonmoving party. *Hawaiian Rock Prods. Corp. v. Ocean Hous., Inc.*, 2016 Guam 4 ¶¶ 26–27. Here, no genuine dispute exists as to the parties' entitlement to dissolution of the marriage; the only disputed issues concern property and related relief. Rule 56 therefore permits the Court to consider partial summary judgment on marital status apart from the unresolved property issues.

This Court has jurisdiction over this divorce action. Guam law requires at least one party to have resided in Guam for at least 90 days immediately preceding the filing of the complaint. 19 GCA §§ 8318(a), 8319. Guam law also permits dissolution of marriage by court decree. 19 GCA §§ 8201–8202. Here, the record shows that Francis satisfied Guam's residency requirement before filing, and both parties seek dissolution of the marriage. The Court therefore has authority to adjudicate the parties' marital status.

### B. Interlocutory Relief

The question, then, is what form that relief should take at this stage of the case. Guam's statutory scheme answers that question. Section 8321 authorizes an interlocutory judgment, which entitles a party to dissolution of marriage—a placeholder, of sorts, that prevents a party from dismissing the action without consent of the other. 19 GCA § 8321. A final decree of divorce, by contrast, restores the parties to the status of unmarried persons. 19 GCA § 8322. Section 8322 is specific about the process:

> When six (6) months have expired after filing of the...complaint for divorce, *and* following entry of an interlocutory decree of divorce, the court on motion of either party, or upon its own motion, may enter the final judgment granting the dissolution of

ORIGINAL

marriage.... This six (6) months waiting period...may be shortened
by the Court upon application by either party.

*Id.* (emphasis added). The sequencing matters here because Francis seeks immediate dissolution of the marital relationship while the parties continue to dispute the characterization and division of property. The plain reading of the statute is clear: an interlocutory decree must come first. This also preserves the opportunity for any appeal or further proceedings before finality attaches. An interlocutory decree of divorce is appropriate under these circumstances. Guam recognizes divisible divorce, which allows the Court to sever the marital relationship even when other issues remain unresolved. *Speicher v. Speicher*, 2013 Guam 11 ¶ 17. The doctrine rests on the principle that marital status and financial issues may be litigated separately, at different times, and even in different forums. *Id.* (citing *In re Marriage of Gray*, 251 Cal. Rptr. 846, 850 (Ct. App. 1988)). The Guam Supreme Court further explained that dissolution of the marriage "is not dependent upon final settlement of property disputes" and that this understanding helps prevent one party from prolonging proceedings. *Id.* ¶ 18. That rule fits this case. Both parties agree that the marriage should be dissolved. Their dispute concerns property, not marital status. Entering an interlocutory decree now would dissolve the marital relationship without prejudging the parties' competing claims to the marital estate.

The Court reserves jurisdiction over all unresolved property issues, including any claim to military retirement benefits. The Uniformed Services Former Spouses' Protection Act permits a court to treat disposable retired pay as marital or community property under the law of the jurisdiction, and to enforce that treatment through a court order. 10 U.S.C.A § 1408(a)(2), (c)(1), (d)(1). Nothing in this Order adjudicates those rights, and the reservation is fully consistent with Guam's divisible divorce doctrine, which allows the Court to dissolve the marriage now and


ORIGINAL

address property later. *Speicher*, 2013 Guam 11 ¶¶ 17–19, 24. Because this Motion seeks only

partial summary judgment on marital status, the Court need not resolve either party's property

claims to grant relief on that narrower issue. *See* Guam R. Civ. P. 56; *M. Elec. Corp.*, 2012

Guam 23 ¶ 11; *Bank of Guam*, 2004 Guam 25 ¶ 8.

## III.     CONCLUSION AND ORDER

The Court GRANTS partial summary judgment as to dissolution of the parties' marriage

and enters an interlocutory decree of divorce. All issues concerning characterization, valuation,

and division of property remain expressly reserved and to be tried.

**SO ORDERED, 22 May 2026.**

**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

Appearing Attorneys:
Daniel J. Berman, Esq., Law Office of Daniel J. Berman for Plaintiff
Ray Cruz Haddock, Esq., Pacific Law Professionals, PLLC for Defendant

ORIGINAL